UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN THISTLE,<br><br>                              Plaintiff,<br><br>v.<br><br>THE STATE OF NEW HAMPSHIRE,<br><br>                              Defendant. | Case No.: 21cv02072-LL-BGS<br><br>**ORDER:**<br> **(1) DENYING REQUEST FOR CONTINUANCE**<br> **(2) DISMISSING COMPLAINT**<br><br>**[ECF No. 6]** |

## I.  INTRODUCTION

Before the Court is the "First Response for Continuance" of Plaintiff David John Thistle ("Plaintiff"), appearing *pro se*.[1] ECF No. 6.  Having considered carefully Plaintiff's filing and the applicable law, the Court (1) **DENIES** the request for a continuance and (2) **DISMISSES** the Complaint *sua sponte with prejudice* due to lack of subject matter jurisdiction.

## II.  BACKGROUND

On December 13, 2021, Plaintiff filed six (6) lawsuits in the United States District Court for the Southern District of California, alleging that the various Secretary of State websites of the states sued contained unconstitutional limitations on candidate eligibility

---

[1]   In reviewing the instant motion, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

to run for the United States House of Representatives.  *See Thistle v. The State of Ohio*, Case No. 3:21-cv-02071-LL-KSC; *Thistle v. The State of New Hampshire*, Case No. 3:21-cv-02072-LL-BGS; *Thistle v. The State of Alabama*, Case No. 3:21-cv-02073-LL-KSC; *Thistle v. The State of Alaska*, Case No. 3:21-cv-02074-LL-KSC; *Thistle v. The State of Arkansas*, Case No. 3:21-cv-02075-LL-WVG; and *Thistle v. The State of Colorado*, Case No. 3:21-cv-02076-LL-KSC.  See also ECF No. 6 at 5,[2] ¶ VIII (pleading that "[t]he COURT is aware of the other 5 Case Complaints and has the evidence on file").

On March 22, 2022, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed all six lawsuits pursuant to the mandatory screening procedures set forth in 28 U.S.C. § 1915(e)(2).  ECF No. 4.  The Court dismissed all six lawsuits because Plaintiff had failed to allege any injury or stake in the outcome sufficient to give him standing to pursue the cases.  ECF No. 4 at 6:4-5 (stating "[i]t does not appear from the Complaint that Plaintiff has a personal stake in this action").  For instance, Plaintiff's IFP Motion stated he was a resident of Santee, California, and as such, he would only be qualified to run for the House of Representatives in the State of California.  *Id.* at 6:7-10.  Thus, he could not plausibly allege an injury in the form of unconstitutional limitations on his ability to run for the House of Representatives in the other states, like New Hampshire, as he was never eligible to run in those states in the first place.  *Id.*  The Court also noted that Plaintiff never alleged the New Hampshire Secretary of State prevented him from filing his notice of candidacy or refused his application based on Plaintiff's residency in California.  *Id.* at 6:10-12.  In fact, in an exhibit to the Complaint, a staff member of the New Hampshire Secretary of State emailed Plaintiff and stated that "[t]he Secretary of State's Website ha[d] been revised: NH-SOS – Qualifications for Office [1]."  *Id.* at 6:13-15 (citing Compl. at 7).  Now, Plaintiff's FAC alleges the below additional facts.

/ / /

---

[2]   Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

On or before December 9, 2021,[3] Plaintiff visited the State of New Hampshire's website, and it stated that to qualify to run to be a United States Representative, an individual must (1) be twenty-five years old; (2) have been a United States citizen for at least seven years; and (3) must be domiciled ***and a registered voter in New Hampshire***. ECF No. 1 at 5-6.

On December 9, 2021, Plaintiff e-mailed the Elections Division to notify them that "the Secretary of State's Office in New Hampshire altered the [constitutional] … requirement[s to run for the House of Representatives] to maliciously block qualified Ballot Candidates by adding a 'residency (domiciled) and voter registration requirement.'" ECF No. 6 at 10.  Plaintiff demanded (1) "[a]n immediate change to the website and official New Hampshire qualifications for US Representative in accordance to the Constitution of the United States as set forth by Article 1 Section 2 Paragraph," (2) "[a]n [o]fficial letter of apology signed by both the Secretary of State and the sitting Governor of New Hampshire," and (3) "a resignation letter from the Secretary of State and Elections' Legal Councils, or [he would] accept 100% of both Pay Salaries remitted immediately for 1 year in lieu of the resignation." *Id.* at 11.

On December 10, 2021, Orville Fitch, Elections Legal Counsel for the Secretary of State's Office, responded to Plaintiff, advising that "[t]he Secretary of State's Website has been revised," providing the following link: https://www.sos.nh.gov/elections/running-for-office/running-for-office/qualifications-office.  ECF No. 6 at 9; *see also* ECF No. 1 at 7.

On February 7, 2022, Plaintiff e-mailed the Department of Justice asking them to

---

[3]   Courts may "consider exhibits attached to a complaint and incorporated by reference to be part of the complaint."  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 (9th Cir. 2014) (affirming the lower court's consideration of exhibits attached to a complaint on a motion to dismiss); *see also* Fed. R. Civ. P. 10(C) (explaining that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").  Here, the instant "First Response for Continuance" attaches various e-mails between Plaintiff and employees of the State of New Hampshire, which he incorporates by reference in his complaint.  ECF No. 6 at 8-14.  Thus, the Court may consider these attachments as part of the complaint itself.

"[s]end an ambassador for New Hampshire to San Diego … to settle without Criminal Charges." ECF No. 1 at 12. On February 9, 2022, the Deputy General Counsel for the Election Law Unit of the Department of Justice in New Hampshire responded, advising that he had reviewed Plaintiff's correspondence and found "no actionable claim against the State of New Hampshire." ECF No. 6 at 13.

## III.   DISCUSSION[4]

### A.   Plaintiff's Request for a Continuance

Plaintiff was ordered to file his amended complaint by Tuesday, May 3, 2022, which is the same day he filed the instant filing. ECF No. 5. Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time …. with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." To the extent Plaintiff's most recent filing with the Court is meant to serve as a request to extend Plaintiff's deadline to file his First Amended Complaint, he does not provide any reasoning for the extension, and as such, has not shown good cause. *See, e.g.*, *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) (affirming the district court's decision denying the plaintiffs' motion to extend their deadline for filing their fourth amended complaint because the plaintiffs had failed to show good cause for the extension). Thus, any request for an extension is **DENIED**. The Court construes Plaintiff's filing as his First Amended Complaint ("FAC").

### B.   *In Forma Pauperis* Motion

The Court previously denied Plaintiff's IFP on the basis that there were inconsistencies in Plaintiff's IFP application. ECF No. 4 at 4:4-12. The Court noted that "Plaintiff aver[red] his average monthly expenses exceed his monthly income by $230.00; however, Plaintiff does not explain how he pays the difference every month when he only

---

[4]   The Court incorporates by reference the legal standard and analysis set forth in its previous order. *Thistle v. New Hampshire*, No. 21CV02072-LL-BGS, 2022 WL 867031, at *1 (S.D. Cal. Mar. 22, 2022) (Lopez, J.).

has $25.00 in his bank accounts and no listed assets other than his vehicle." *Id.* (noting that "Section 1915(a)(1) requires that Plaintiff attest to '***all assets*** [he] possesses'") (quoting 28 U.S.C. § 1915(a)(1)). Ultimately, the Court concluded that "[a]lthough Plaintiff has elected to pay a substantial portion of his income toward a monthly mortgage payment, given Plaintiff's level of income, it appears he is financially able to pay the Court costs." *Id.* at 4:9-12.

Now, Plaintiff has paid the $402.00 filing fee, and in his current filing, he makes no argument that the Court's decision on his IFP constituted legal error. However, he includes numerous receipts attached to his filing showing payments to him from American Recycling, LLC. ECF No. 6 at 15-17. These payments include the following dates and amounts: May 9, 2021 ($8.12), August 28, 2021 ($6.25), December 16, 2021 ($5.25), December 21, 2021 ($6.94), December 26, 2021 ($17.81), December 27, 2021 ($14.47), December 28, 2021 ($39.63), January 3, 2022 ($21.68), January 22, 2022 ($5.39), January 25, 2022 ($4.82), and February 8, 2022 ($0.37). This additional income totals approximately $130.72 and consists of $8.12 in May 2021, $6.25 in August 2021, $84.10 in December 2021, $31.89 in January 2022, and $0.36 in February 2022.

When this additional income of $130.72 is added to Plaintiff's previously reported income of $4,620.00, his income totals $4,750.72, meaning before factoring in expenses, the $402.00 filing fee still constitutes less than 10% of Plaintiff's monthly income. Given these additional facts, the Court does not change its conclusion that Plaintiff is able to pay the requisite fees and costs and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Plaintiff's Motion to Proceed IFP remains **DENIED**.

**C.    The Court Lacks Subject Matter Jurisdiction Over This Case**

Courts "are obligated to consider sua sponte whether [they] have subject matter jurisdiction." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to justiciable "cases"

5

and "controversies." U.S. Const., Art. III, § 2. The United States Supreme Court has held that for a case to meet this justiciability requirement, a plaintiff must show (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) ("The doctrines of mootness, ripeness, and political question all originate in Article III's 'case' or 'controversy' language, no less than standing does.").

Here, the Court, in conducting its *sua sponte* examination of Plaintiff's most recent filing finds that the additional facts pled still fail to show this Court has subject matter jurisdiction over his claims. Article 1, Section 2, Paragraph 2 of the United States Constitution addresses the legislative branch and provides: "No Person shall be a Representative who shall not have [1] attained to the Age of twenty-five Years, … [2] been seven Years a Citizen of the United States, and … [3] when elected, be[en] an Inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2. Here, Plaintiff alleges that he (1) is over twenty-five (25) years old and (2) has lived in the United States for more than seven years. ECF No. 6 at 3. However, he readily admits he currently does not live in the State of New Hampshire, stating he is "willing to move 'back to the STATE of NEW HAMPSHIRE' WHEN ELECTED to SERVE as a UNITED STATES REPRESENTATIVE in CONGRESS." *Id.* at 3, ¶ III. However, a requirement for being elected in the first place is that the individual "**be** an inhabitant of that State in which he shall be chosen." U.S. Const. art. I, § 2. In other words, Plaintiff must reside in New Hampshire in order to be elected and cannot decide to move there only after he is elected. Thus, as set forth below, not only are Plaintiff's claims moot, but they are also not ripe, and he lacks standing to pursue them, meaning this Court lacks subject matter jurisdiction.

1. *<u>Plaintiff's Claims Are Moot</u>*

"If the issues are no longer live or the parties lack a legally cognizable interest in the outcome, then there is no controversy and the case is moot." *Hillesheim v. O.J.'s Cafe, Inc.*, 968 F.3d 866, 868 (8th Cir. 2010) (noting that "[i]n the context of the ADA, 'permanent physical improvements ... are sufficient to eliminate a case or controversy if

they provide the requested relief.'"); *see also Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170, 1173 (S.D. Cal. 2013) (Whelan, J.) (denying motion for summary judgment where a genuine issue of fact remained as to whether the parking spaces had been fully remedied while noting that "[i]f Islands has remedied the slope of the parking spaces, then there is no longer a basis to support Kohler's request for relief, and his ADA claim is moot").

The Court takes judicial notice of the fact that as of the date of this order, the New Hampshire Secretary of State's website states the following as the requirements for Qualifications for Office: "**UNITED STATES REPRESENTATIVE** - To hold the office of United States representative, a person must be qualified as required by Article 1, section 2 of the federal constitution."   *See* https://www.sos.nh.gov/elections/running-for-office/running-for-office/qualifications-office.[5]   Thus, because the State of New Hampshire no longer imposes requirements to run for the House of Representatives that conflict with the constitutional requirements, "the issues are no longer live," and "there is no controversy," meaning "the case is moot." *Hillesheim*, 968 F.3d at 868; *see also Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (holding that "[t]he claims that have been remediated are no longer in dispute and are therefore moot").

### 2.  *Plaintiff's Requested Injunctive Relief Is Not Ripe*

For a case to meet Article III's justiciability requirements, it "must be 'ripe'—not dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  This is because the role of federal courts "is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the

---

[5]   The Court takes judicial notice of these publicly available facts from the New Hampshire Secretary of State website.  Fed. R. Evid. 201(c)(1) (allowing courts to take judicial notice *sua sponte*); *L'Garde, Inc. v. Raytheon Space and Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) (taking judicial notice of records from the California Secretary of State website).

Constitution." *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738, 746 (9th Cir. 2020). "Standing and ripeness are among the justiciability doctrines that help us adhere to that role." *Id.* at 746.

Plaintiff prays for the following relief from the Court: (1) "financial relief under 33 U.S.C.[6] for the aforementioned damages to his ability to Seek Public Office and become an Official Ballot Candidate in the same timely manner as all other Ballot Candidates, Campaign funding damages"; (2) "damages to his character by the defamation of his knowledge of the United States Constitution due to the State of New Hampshire's ILLEGAL ALTERING of ARTILCE [sic] 1 SECTION 2 PARAGRAPH 2"; (3) "compensation from the date of the Official Secretary of State's Website First Posting of the ILLEGAL ALTERING of ARTICLE 1 SECTION 2 PARAGRAPH 2 until the date that the Case Complaint is resolved by the COURT'S official signature"; and (4) to "encourage the State of NEW Hampshire to add an additional Constitutional Law class within the Public School System to avoid a repeat of this EGREGIOUS and UNACCEPTABLE ILLEGAL ALTERING of the CONSTITUTION of the UNITED STATES." ECF No. 6 at 5-6, ¶¶ IX-XII. None of this relief is recoverable based upon the facts pled in Plaintiff's complaint.

If Plaintiff seeks an injunction in case Defendants change the website again, that controversy is not ripe. *Trump*, 141 S. Ct. at 535 (discussing the ripeness requirement that a case must not be dependent on *contingent* future events that may never occur); *Skyline*, 968 F.3d at 746 (reiterating the prohibition of issuing advisory opinions). Further, although Plaintiff pleads that he discovered the website misrepresented the qualifications for running for the House of Representatives, he still does not plead that he submitted an application to run that was rejected by the Secretary of State. Thus, his claims is not ripe for review until he alleges that he submitted an application that was rejected due to the fact that he was not a New Hampshire resident. However, even still, such a rejection would not allow Plaintiff's claim to prevail because as set forth below, he still lacks standing.

---

[6] Plaintiff does not specify what section of Title 33 entitles him to damages.

### 3. *Plaintiff Lacks Standing*

In order to bring a case in federal court, a plaintiff must demonstrate he or she has "standing." U.S. Const. art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408 (2013). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Standing focuses on whether a plaintiff has a 'personal stake' in the action such that she will be an effective litigant to assert the legal challenge at issue." *Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013). The United States Supreme Court has explained the concept of standing as follows:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes— that the injury is certainly impending. Thus, we have repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury' are not sufficient.

*Clapper*, 568 U.S. at 409 (internal citations and quotations omitted).

Plaintiff alleges that when applying to become an official ballot candidate, he noticed that the State of New Hampshire illegally disqualified him as a ballot candidate. ECF No. 1 at 2-3; *see also* ECF No. 6 at 2, ¶ IV. However, Plaintiff does not adequately allege injury in fact. Plaintiff pleads that "[a]ccording to the ILLEGAL ALTERING[7] on

---

[7]   Plaintiff repeatedly accuses the Secretary of State of altering the Constitution. Any alteration of the Constitution would be an amendment, which would require "two-thirds of both Houses." U.S. Const., Art. V. The Court takes judicial notice of the fact that not only does the State of New Hampshire lack the ability to amend the Constitution but also of the fact that Congress has not, in fact, altered (amended) the Constitution. Instead, the Court liberally construes Plaintiff's allegations as alleging that the Secretary of State of New Hampshire imposed limitations on its candidates for the House of Representatives that

the OFFICIAL NEW HAMPSHIRE SECRETARY OF STATE'S WEBSITE, the Plaintiff, DAVID JOHN THISTLE was illegally disqualified as a Ballot Candidate." ECF No. 6 at 2, ¶ III. Although Plaintiff pleads he was disqualified *according to the website*, again, he never pleads that he actually submitted the documents required to run for office, and that those documents were rejected based on his California residency. For instance, the New Hampshire Secretary of State requires those desiring to run for the House of Representatives to (1) file a Declaration of Candidacy, (2) file a Statement of Financial Interests (RSA 15-A), and (3) pay the $50.00 administrative assessment fee *or* the required $100.00 fee for Primary Petitions accompanied by an Assent to Candidacy. https://www.sos.nh.gov/elections/running-for-office/running-for-office. These filings are due on June 10, 2022 at 5:00 p.m. Thus, Plaintiff's deadline to submit the required documents has not yet passed, and his documents could still be accepted.[8] He is also free to move to New Hampshire before the June deadline in order to satisfy the constitutional qualifications for running for office.

Plaintiff also pleads that he "lost valuable time as an Official Ballot Candidate and also lost the fiscal support of many people who visited the OFFICIAL NEW HAMPSHIRE SECRETARY OF STATE'S WEBSITE and were misdirected … to believe …. Plaintiff was 'not qualified … due to the … addition of … "MUST BE DOMICILED AND A REGISTERED VOTER." ECF No. 6 at 3, ¶ V. He pleads this caused him to lose donors and damaged his reputation, which "could have been easily rectified if the OUT-OF-COURT SETTLEMENT OFFER … was agreed to." ECF No. 6 at 3-4, ¶ VI. First, the loss of time as a ballot candidate or fiscal support still does not mean he was prevented for running for office. Second, as stated, he is not eligible to run for New Hampshire's House of Representatives under the Constitution. Third, Plaintiff is not entitled to damages because the State of New Hampshire did not accept his settlement offer. In fact, New

---

violated the United States Constitution. *Pardus*, 551 U.S. at 94.

[8] This further bolsters the Court's finding that Plaintiff's claims are not yet ripe for review.

Hampshire's rejection of the settlement offer would not be admissible to prove any alleged liability to Plaintiff. *See* Fed. R. Evid. 408(a) (providing that conduct during compromise negotiations is not admissible to prove or disprove the validity or amount of a claim).

Plaintiff's complaint still alleges a case under United States Criminal Code, 18 U.S.C. § 242. ECF No. 6 at 1, ¶ I. As the Court previously noted, "this statute does not provide a private cause of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Therefore, Plaintiff cannot bring a civil suit on the basis of this statute, and he fails to state a claim upon which relief can be granted under this statute.[9]

In sum, although Plaintiff has paid the filing fee and submitted a new complaint with additional facts, the Court, after reviewing that pleading, has *sua sponte* determined that it lacks subject matter jurisdiction over this case. Plaintiff has not pleaded a "concrete, particularized, and actual or imminent" injury because he has not alleged that he was denied an opportunity to run for a U.S. House of Representatives seat in New Hampshire based on the language at issue on the New Hampshire Secretary of State website. *See Clapper*, 568 U.S. at 409. He is also not qualified to run for the House of Representatives seat at this point in time. Accordingly, Plaintiff's Complaint must be dismissed because he lacks standing to maintain the present action even after having been details about why his previous complaint failed and leave to amend the complaint accordingly.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP remains **DENIED**.
2. Plaintiff's Complaint is **DISMISSED *WITH PREJUDICE***.
3. The Clerk of the Court is directed to terminate this case.

**IT IS SO ORDERED.**

DATED: May 6, 2022

**HON. LINDA LOPEZ**
United States District Judge

---

[9] A complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss).